**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 97-40578**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**STEFAN SEAN ANTOINE,**

**Defendant-Appellant.**

---

Appeal from the United States District Court
for the Eastern District of Texas
(1:96-CV-75)

---

January 20, 1999

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Stefan Sean Antoine ("Antoine"), a federal prisoner, was convicted by a jury of using and carrying a firearm during and in relation to a drug offense in violation of 28 U.S.C. § 924(c). Antoine appealed the conviction and we affirmed. *United States v. Antoine*, 68 F.3d 466 (5th Cir. 1995). Antoine now appeals from the

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's denial of his *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. We affirm the district court.

## I. FACTS

On January 30, 1992, Antoine drove with Rodrick D. Kirklin ("Kirklin") from Lake Charles, Louisiana, to Houston, Texas, to secure a quantity of cocaine that was to be resold in Lake Charles. The two men, who were traveling in Kirklin's car, were carrying pistols. Kirklin was armed with a .22 caliber derringer while Antoine carried a .45 caliber handgun. On arriving in Houston, Antoine went to his mother's apartment where he was given a plastic diaper bag filled with cocaine. Antoine then placed the diaper bag behind the passenger seat of Kirklin's car; the firearms were kept in the trunk. That night, Antoine and Kirklin began their trip back to Lake Charles. Kirklin was driving the car while Antoine occupied the passenger seat.

While traveling east on I-10, Antoine and Kirklin were stopped and detained by two officers of the Jefferson County Sheriff's Department for routine traffic violations. A subsequent pat-down search of Antoine revealed an ammunition clip to a .45 caliber handgun in Antoine's coat pocket. That discovery ultimately led to the trunk of the car, where one of the officers recovered Antoine's .45 caliber handgun, which he admitted was his, and Kirklin's .22 caliber derringer. On the floorboard behind the passenger seat the police recovered the plastic diaper bag that

2

contained the cocaine.

Antoine was subsequently indicted on one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  After a two-day trial, in which Kirklin testified on behalf of the government, a jury found Antoine guilty of the firearms offense, but was unable to reach a unanimous verdict with regard to the substantive drug charge.  Antoine was then sentenced to 60 months imprisonment with a three year term of supervised release.  Antoine appealed.  We affirmed his conviction.  *United States v. Antoine*, 68 F.3d 466 (5th Cir. 1995).

On February 2, 1996, Antoine filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, in which he challenged his conviction based on the Supreme Court's interpretation of "use" in *Bailey v. United States*, 516 U.S. 137, 143 (1995) (holding that "use" requires evidence "sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense").[2]  A magistrate judge considered Antoine's motion and recommended that it be denied.  The district court accepted the magistrate judge's recommendation over Antoine's objections, and denied the motion.  Antoine then filed the instant

---

[2]    Because Antoine's § 2255 motion was filed before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, a certificate of appealability is not required for this Court to consider his appeal.  *See* *United States v. Carter*, 117 F.3d 262, 264 (5th Cir. 1997).

*pro se* appeal.


## II.  DISCUSSION

Antoine contends that the district court erroneously charged the jury with the pre-***Bailey*** meaning of "use."[3]  He also asserts that the evidence presented at trial does not demonstrate that he "used" the firearm within the meaning of ***Bailey*** because there is no evidence that he actively employed the weapon.[4]  The government has

---

[3]    In its charge to the jury, the district court stated in pertinent part:

> Now Count II of the Indictment accuses the Defendant of using or carrying a firearm during and in relation to a drug trafficking crime.  Title 18, United States Code, Section 924(c)(1), makes it a crime for anyone to use or carry a firearm during and in relation to a drug trafficking crime . . . .

> The Government is not required to prove that the Defendant actually fired the weapon or brandished it at someone in order to prove "use," as is [sic] that term is used in these instructions.  However, you must be convinced beyond a reasonable doubt that the firearm played a role in or facilitated the commission of the drug offense.  In other words, you must find that the firearm could have been used to protect, facilitate, or have the potential to facilitate drug trafficking. Further, this elements [sic] does not depend on proof that the Defendant had actual possession of the firearm or use [sic] it in any affirmative manner, but it does require evidence that the firearm was available to provide protection to the Defendant in connection with his engagement in drug trafficking, if any.

[4]   In this appeal, Antoine also contends that his § 924(c) conviction cannot stand because he was not convicted of the underlying drug trafficking offense in count one of the indictment. This argument is without merit.  In ***United States v. Ramos-Rodriguez***, 136 F.3d 465, 467 (5th Cir. 1998), *cert. denied*, 67 U.S.L.W. (U.S. Nov. 2, 1998) (No. 98-5114), this Court acknowledged that a conviction under § 924(c) does not require a conviction on the underlying drug offense.  We also held that an acquittal on the underlying drug offense does not preclude a conviction under §

4

conceded that the district court's instruction on use was erroneous. The government alleges, however, that reversal of Antoine's conviction is not required because Antoine was charged with using *or carrying* a firearm, and there is sufficient evidence to support his conviction on the carry prong of § 924(c). In an attempt to circumvent that argument, Antoine contends that under **United States v. Fike**, 82 F.3d 1315 (5th Cir. 1996), *overruled by* **United States v. Brown**, ___ F.3d ____, No. 95-31000, 1998 WL 792511 (5th Cir. Nov 16, 1998), this Court is obligated to reverse his conviction. We disagree.

It is true that in **Fike** and **United States v. Brown**, 102 F.3d 1390 (5th Cir. 1996), *overruled by* **United States v. Brown**, ___ F.3d ____, No. 95-31000, 1998 WL 792511 (5th Cir. Nov 16, 1998), this Court established a rule requiring remand for a new trial on the issue of "carry" whenever a district court instructs the jury under the pre-**Bailey** definition of "use." *See* **United States v. Brown**, ___ F.3d ____, ____, No. 95-31000, 1998 WL 792511, at *1 (5th Cir. Nov 16, 1998) (recognizing that these two cases established a "per se rule"). But this Court recently revisited those holdings *en banc*, and replaced the *per se* rule of reversal with a form of harmless error analysis. **Brown**, ___ F.3d at ____, 1998 WL 792511, at 2-3. We now ask whether the jury, in finding the defendant

---

924(c) when there is ample evidence showing that a reasonable jury could have found the defendant guilty of the predicate offense. *Id.* Here, there is ample evidence that Antoine committed the predicate drug trafficking offense alleged in count one of the indictment, possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).

guilty of the pre-*Bailey* definition of "use," necessarily found that the defendant carried the firearm, as defined in *Muscarello v. United States*, ___ U.S. ____, 118 S. Ct. 1911 (1998) (holding that phrase "carry" is not limited to the carrying of firearms on the person, but also applies to a person who knowingly possesses and conveys a firearm in a vehicle, including in the locked glove compartment or trunk of a car). Thus, if the jury's finding of "use" equates to a finding of carry based on the particular facts of a case, the erroneous use instruction constitutes harmless error.

In this case, the jury found Antoine guilty of "use" on evidence that Antoine and Kirklin transported the firearms in Kirklin's car from Lake Charles to Houston, and on the return trip from Houston to Lake Charles. The jury also heard evidence that Antoine admitted to owning the .45 caliber handgun, and that the firearm was available to him in case the drug transaction did not go as planned. On these facts, the jury's finding of use necessarily equates to a finding of carry within the meaning of *Muscarello*. As such, the district court's erroneous use instruction was harmless error that does not require the reversal of Antoine's conviction. We AFFIRM the district court's denial of Antoine § 2255 motion.